**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter    **7**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Jenny C Holdings, LLC** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **35-2654170** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **1450 Brickell Ave., 31st Fl.** <br> **Miami, FL 33131** <br> Number, Street, City, State & ZIP Code | _____ <br> P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Miami-Dade** <br> County | **Location of principal assets, if different from principal place of business** <br> _____ <br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.jennycraig.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor    **Jenny C Holdings, LLC**                                                    Case number (*if known*) _____
          Name

**7.**  **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
   http://www.uscourts.gov/four-digit-national-association-naics-codes.
   <u>4461</u>

**8.**  **Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.**  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**    ■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| | District | When | Case number |
|---|---|---|---|
| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

| Debtor | **Jenny C Holdings, LLC** | Case number (*if known*) | |
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

| List all cases. If more than 1, attach a separate list | Debtor | **See Rider 1** | Relationship | **Affiliate** |
| | District | **Delaware** | When | Case number, if known |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.    Insurance agency _____
          Contact name _____
          Phone _____

## Statistical and administrative information

**13. Debtor's estimation of available funds** .

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

■ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | **Jenny C Holdings, LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

**16.  Estimated liabilities**

- ■ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million

- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50  million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million

- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | **Jenny C Holdings, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **05/05/2023**
              MM / DD / YYYY

**X** _____
Signature of authorized representative of debtor

**Lawrence Perkins**
Printed name

Title   **Chief Restructuring Officer**

---

**18. Signature of attorney**

**X** _____
Signature of attorney for debtor

Date **05/05/2023**
MM / DD / YYYY

**David R. Hurst**
Printed name

**McDermott Will & Emery LLP**
Firm name

**1007 North Orange Street**
**10th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-485-3900**      Email address   **dhurst@mwe.com**

**3743 DE**
Bar number and State

---

## Schedule 1

**Pending Bankruptcy Cases Filed by the Debtor and
Certain Affiliates and Subsidiaries of the Debtor**

On the date hereof, each of the affiliated entities listed below (collectively, the "<u>Debtors</u>") filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 7 of title 11 of the United States Code.

| Debtor Name | EIN Number |
|---|---|
| Jenny C Holdings, LLC | 35-2654170 |
| Jenny C Intermediate Holdings, Inc. | 30-1173621 |
| Jenny C Acquisition, Inc. | 83-3792395 |
| Craig Holdings, Inc. | 46-3991506 |
| JC Franchising, Inc. | 38-3917656 |
| JC USA, Inc. | 30-0800028 |

**JOINT WRITTEN CONSENT OF THE SPECIAL COMMITTEE OF
JENNY C HOLDINGS, LLC
JENNY C INTERMEDIATE HOLDINGS, INC.
JENNY C ACQUISITION, INC.
CRAIG HOLDINGS, INC.
JC FRANCHISING, INC.
JC USA, INC.**

**May 5, 2023**

The undersigned, being the sole member of the Special Committee (the "Special Committee") of (i) the Board of Managers of Jenny C Holdings, LLC, a Delaware limited liability company ("JC Holdings") and (ii) the Boards of Directors of Jenny C Intermediate Holdings, Inc., a Delaware corporation ("JC Intermediate Holdings"), Jenny C Acquisition, Inc., a Delaware corporation ("JC Acquisition"), Craig Holdings, Inc., a Texas corporation ("Craig Holdings"), JC Franchising, Inc., a Texas corporation ("JC Franchising"), and JC USA, Inc., a Texas corporation ("JC USA" and collectively with JC Holdings, JC Intermediate Holdings, JC Acquisition, Craig Holdings, and JC Franchising, the "Companies" and each, a "Company"), pursuant to (a) as applicable, (1) the Delaware General Corporation Law, as amended, (2) the Texas Business Organizations Code, as amended, and (3) the Delaware Limited Liability Act, as amended; (b) the Bylaws of the Companies, as amended; (c) that certain *Charter of the Special Committee of the Board of Managers* dated as of January 20, 2023 (the "Holdings Charter"); and (d) those certain *Charters of the Special Committee of the Board of Directors* dated as of January 26, 2023 (the "Subsidiaries Charters" and collectively with the Holdings Charter, the "Charters"), hereby consents to, approves, adopts, and ratifies the following resolutions and actions as if duly adopted at a meeting of the Special Committee of the Companies held for such purpose:

**WHEREAS**, pursuant to the Charters, the Special Committee has the authority to, among other things, negotiate, make, establish, consider, review, evaluate, approve, authorize, execute, and consummate, if appropriate, certain strategic and/or financial alternatives available to the Companies and their respective businesses, assets and properties, including, without limitation, a sale, merger, consolidation, restructuring, reorganization, recapitalization, liquidation or other transaction or related financing or refinancing involving the Companies, whether by filing a voluntary petition for relief under the United States Bankruptcy Code or otherwise; and

**WHEREAS**, the Special Committee has considered the financial and operational conditions of the Companies' business, engaged with the Companies' lenders, creditors, and other parties-in-interest, and reviewed the historical performance of the Companies, the market for the Companies' products and services and the current and long-term liabilities of the Companies.

**NOW, THEREFORE, BE IT:**

**Commencement and Prosecution of Bankruptcy Cases**

**RESOLVED**, that, in the judgment of the Special Committee after consideration of the alternatives presented to it and the advice of the Companies' professionals and advisors, it is in the best interests of the Companies, their lenders, creditors, shareholders, members, and other interested parties, that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (each, a "Chapter 7 Case" and collectively, the "Chapter 7 Cases") under the provisions of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and it is further

**RESOLVED**, that Lawrence Perkins (the "Authorized Person") be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company (i) to execute and verify the voluntary chapter 7 petitions as well as any other ancillary documents and to cause such petitions to be filed with the Bankruptcy Court, and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the filing and administration of the Chapter 7 Cases; and it is further

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, directed, and empowered for, in the name of, and on behalf of the Companies, to execute, acknowledge, deliver, verify, and file any and all pleadings, petitions, schedules, statements of affairs, lists and other papers and to take any and all related actions that the Authorized Person may deem necessary or proper in connection with the filing of the Petition and commencement and prosecution of the Chapter 7 Cases, including attending the meeting of creditors pursuant to Bankruptcy Code section 341 on behalf of the Companies; and it is further

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Companies, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by the Authorized Person shall be conclusive evidence of the approval thereof by the Authorized Person and by the Companies; and it is further

**Retention of Professionals**

**RESOLVED**, that the law firm of McDermott Will & Emery LLP ("McDermott") be, and hereby is, authorized, directed, and empowered to represent the Companies as bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of

the Companies, to execute appropriate retention agreements and pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case; and it is further

**General Resolutions**

      **RESOLVED**, that the execution and delivery by the Authorized Person on behalf of the Companies of such documents as may be required or as such Authorized Person may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Person shall approve are hereby authorized, the taking or execution thereof by the Authorized Person being conclusive evidence of the approval thereof by the Authorized Person and by the Companies; and it is further

      **RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any officer of the Companies in, for and on behalf of the Companies, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified, and confirmed in all respects as the acts and deeds of the Companies as of the date such action or actions were taken; and it is further

      **RESOLVED**, that facsimile, .pdf copies, or other electronic forms of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent of the Special Committee as of the date first above written.

**SPECIAL COMMITTEE**

Name: Derek Pitts
Title: Sole Member

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JENNY C HOLDINGS, LLC,<br><br>    Debtor. | Chapter 7<br><br>Case No. 23-[_____] (___) |
| In re:<br><br>JENNY C INTERMEDIATE HOLDINGS, INC.,<br><br>    Debtor. | Chapter 7<br><br>Case No. 23-[_____] (___) |
| In re:<br><br>JENNY C ACQUISITION, INC.,<br><br>    Debtor. | Chapter 7<br><br>Case No. 23-[_____] (___) |
| In re:<br><br>CRAIG HOLDINGS, INC.,<br><br>    Debtor. | Chapter 7<br><br>Case No. 23-[_____] (___) |
| In re:<br><br>JC FRANCHISING, INC.,<br><br>    Debtor. | Chapter 7<br><br>Case No. 23-[_____] (___) |

|  | ) |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| JC USA, INC. | ) | |
| | ) | Case No. 23-[_____] (___) |
| Debtor. | ) | |
| | ) | |
| | ) | |

## <u>CONSOLIDATED CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the above-captioned debtors (each, a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), respectfully represent as follows with respect to the Debtors' direct and indirect corporate ownership:

1.      Non-Debtor HIG Jenny C, LP owns approximately 93.4% of the membership interests in Jenny C Holdings, LLC, including outstanding management options, and 98.8% of the membership interests in Jenny C Holdings, LLC, excluding management options.

2.      Jenny C Holdings, LLC owns 100% of the equity interests in Jenny C Intermediate Holdings, Inc.

3.      Jenny C Intermediate Holdings, Inc. owns 100% of the equity interests in Jenny C Acquisition, Inc.

4.      Jenny C Acquisition, Inc. owns 100% of the equity interests in Craig Holdings, Inc.

5.      Craig Holdings, Inc. owns 100% of the equity interests in JC USA, Inc. and JC Franchising, Inc.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
<tr><td>Debtor Name</td><td>Jenny C Holdings, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware<br>(State)</td></tr>
<tr><td>Case number (If known):</td><td></td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration   Consolidated Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    05/05/2023            ✗ _____
              MM / DD / YYYY           Signature of individual signing on behalf of debtor

                                      Lawrence Perkins
                                      Printed name

                                      Chief Restructuring Officer
                                      Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 7 |
| JENNY C HOLDINGS, LLC, | ) |
| | ) Case No. 23-[_____] (___) |
|     Debtor. | ) |
| | ) |
| | ) |

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 7 |
| JENNY C INTERMEDIATE HOLDINGS, INC., | ) |
| | ) Case No. 23-[_____] (___) |
|     Debtor. | ) |
| | ) |
| | ) |

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 7 |
| JENNY C ACQUISITION, INC., | ) |
| | ) Case No. 23-[_____] (___) |
|     Debtor. | ) |
| | ) |
| | ) |

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 7 |
| CRAIG HOLDINGS, INC., | ) |
| | ) Case No. 23-[_____] (___) |
|     Debtor. | ) |
| | ) |
| | ) |

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 7 |
| JC FRANCHISING, INC., | ) |
| | ) Case No. 23-[_____] (___) |
|     Debtor. | ) |
| | ) |
| | ) |

In re:

JC USA, INC.

     Debtor.

)
)
)   Chapter 7
)
)   Case No. 23-[_____] (___)
)
)
)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTORS

1.     Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that my firm, McDermott Will & Emery LLP ("McDermott"), is counsel for the above-captioned debtors (collectively, the "Debtors") and that compensation paid to McDermott within one year before the filing of the petitions in bankruptcy, or agreed to be paid to McDermott, for services rendered or to be rendered on behalf of the Debtors in contemplation of or in connection with the bankruptcy cases is as follows:

     For legal services, McDermott had agreed to accept . . . . . . . . . . . . . . . . . . . . . . $927,705.50

     Prior to the filing of this statement, McDermott has received . . . . . . . . . . . . . . $927,705.50

     Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $0.00

2.     The source of the compensation paid to McDermott was Debtor JC USA, Inc.

3.     McDermott has not agreed to share the above-disclosed compensation with any other person, unless they are a partner, counsel, or associate of McDermott.

4.     In return for the above-disclosed fee, McDermott has agreed to pay the filing fees required to commence these bankruptcy cases and has further agreed to render certain legal services relating to these bankruptcy cases, including:

     a.     Analyzing the Debtors' financial situation and rendering advice to the Debtors in determining whether to file bankruptcy petitions;

     b.     Preparing and filing voluntary petitions in bankruptcy and certain other documents that may be required; and

     c.     Representing the Debtors at the meeting of creditors and any adjourned hearings thereof.

5.     By agreement with the Debtors, the above-disclosed fee does not include the representation of the Debtors in adversary proceedings and other contested bankruptcy matters, nor does it include any future non-bankruptcy representation.

## CERTIFICATION

I hereby certify that the foregoing is a complete statement of any agreement or arrangement for payment to McDermott for representation of the Debtors in these bankruptcy proceedings.

Dated: Wilmington, Delaware
      May 5, 2023

**MCDERMOTT WILL & EMERY LLP**

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
Telephone:    (302) 485-3900
Facsimile:    (302) 351-8711
Email:    dhurst@mwe.com